UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DAVID BRIGHT,

*Plaintiff*,

– against –

AIRBNB, INC., AIRBNB IRELAND UNLIMITED CO., MARTIN VOLDHOEN,

*Defendants*.

**MEMORANDUM & ORDER**
25-cv-03209 (NCM) (PK)

**NATASHA C. MERLE**, United States District Judge:

Before this Court are defendants Airbnb, Airbnb Ireland, and Martin Veldhoen's[1] motions to dismiss plaintiff David Bright's Complaint. *See* Veldhoen Mot. to Dismiss, ECF No. 19; Airbnb Mot. to Dismiss, ECF No. 21; Airbnb Ireland Amended Mot. to Dismiss, ECF No. 24.[2] All three defendants seek dismissal for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). *See* Veldhoen MTD 10-20; Airbnb MTD 14-23; Airbnb Ireland MTD 12-17.[3] For the reasons explained below, the defendants' motions are GRANTED.

---

[1] Though the Complaint, ECF. No. 1-1, lists this defendant's last name as "Voldhoen," the defendant notes that the correct spelling is "Veldhoen," Veldhoen Memorandum in Support of Mot. to Dismiss 1 n. 1, ECF No. 19-1. Accordingly, throughout the opinion the Court will refer to the defendant as "Martin Veldhoen" or "Veldhoen."

[2] The Court hereinafter refers to the Memorandum of Law in Support of Velhoen's Motion to Dismiss, ECF No. 19-1, as the "Veldhoen MTD"; the Memorandum of Law in Support of Airbnb's Motion to Dismiss, ECF No. 21-2, as the "Airbnb MTD"; and the Memorandum of Law in Support of Airbnb Ireland's Motion to Dismiss, ECF No. 22-2, as the "Airbnb Ireland MTD."

[3] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

## BACKGROUND

### I. Factual Background

Plaintiff David Bright is a resident of Queens, New York. Compl. ¶ 1, ECF No. 1-1. In late December 2021, he used the Airbnb platform to search for a short-term rental property in Ireland. Declaration of David Bright ("Bright Decl.") ¶ 2, ECF No. ECF 26-2.

Airbnb is an online marketplace, available worldwide, that connects property owners (known as "hosts") with renters (known as "guests"). Affidavit of Monique Chauvet ("Chauvet Aff.") ¶ 2, ECF No. 21-3. Hosts list their properties on Airbnb, and guests are able to communicate directly with them about those listings. Chauvet Aff. ¶ 2. Through the platform, guests can find, book, and pay for their rentals. Chauvet Aff. ¶ 2. Airbnb is a Delaware company with a principal place of business in California. Chauvet Aff. ¶ 2.

Airbnb Ireland is the operating company for the Airbnb group of companies active in Europe and select other jurisdictions outside of the United States. Declaration of Francisco Gomez ("Gomez Decl.") ¶ 2, ECF No. 22-3. Airbnb Ireland provides business and customer support to the guests and hosts in the countries it serves. Gomez Decl. ¶ 4. Airbnb Ireland is an Irish foreign corporation with its principal place of business located in Dubin, Ireland. *See* Gomez Decl. ¶ 2.

While searching properties on Airbnb's platform, Bright came across a listing for Veldhoen's rental property, which was located in County Kerry, Ireland. Bright Decl. ¶¶ 2; Declaration of Marin Veldhoen ("Veldhoen Decl.") ¶ 14, ECF No. 19-2. Veldhoen is a Dutch citizen domiciled in Ireland. Veldhoen Decl. ¶¶ 1-2; Notice of Removal ¶ 7, ECF No. 1. Shortly after finding Veldhoen's listing, Bright reached out to him through Airbnb's chat function, explaining that he was hoping to book a stay of one to two weeks but wanted a

lower price. Supplemental Declaration of Martin Veldhoen ("Veldhoen Supp. Decl.") 6-7, ECF No. 29-1. He also mentioned that he himself was an Airbnb host in New York City. Veldhoen Supp. Decl. 7. After some negotiating, Bright and Veldhoen agreed on terms for the rental, and Bright booked his stay for January 9 to January 23, 2022. Veldhoen Supp. Decl. 7–9, 14–15; Compl. ¶ 10.

Bright arrived at the property as scheduled on January 9. Compl. ¶ 11. Approximately two days into his stay, Bright took a bad fall on a set of stairs at the property. Compl. ¶ 12. Bright maintains that the stairs were improperly installed or maintained, causing them to detach during his ordinary use. Compl. ¶ 14. He alleges that because of his fall, he suffered serious physical injuries and financial harms, including medical expenses. Compl. ¶ 13.

### II. Procedural History

On January 10, 2025, plaintiff filed suit against Veldhoen, Airbnb, and Airbnb Ireland, bringing claims of negligence, breach of the warranty of habitability, negligent misrepresentation, and punitive damages against Veldhoen, Airbnb, and Airbnb Ireland. Compl. ¶¶ 21–46. Plaintiff originally filed his Complaint in the Supreme Court of the State of New York. Compl. 2. On June 9, 2025, Veldhoen removed the matter to this Court. *See* Notice of Removal. In January 2026, all three defendants moved to dismiss the Complaint for lack of personal jurisdiction, among other arguments. Veldhoen MTD 10–20; Airbnb MTD 14–23; Airbnb Ireland MTD 12–17. Bright opposes the motions. *See generally* Memo. in Opposition to Mot. to Dismiss ("Opp'n"), ECF No. 26.

## LEGAL STANDARD

On a motion to dismiss pursuant to Rule 12(b)(2), "[a] plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom [he] seeks to

bring suit." *Troma Ent., Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 217 (2d Cir. 2013).[4] A court determines "whether there is jurisdiction over the defendant under the relevant forum state's laws." *Harris v. Am. Acct. Ass'n*, No. 22-811, 2023 WL 2803770, at *1 (2d Cir. Apr. 6, 2023) (summary order).

When considering a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), courts may rely on materials outside the pleading, *Dhamala v. Elsevier, B.V.*, 818 F. Supp. 3d 411, 421 (E.D.N.Y. 2026) (citing *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001)), and may "determine the motion on the basis of affidavits alone," *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013); *see also Mercante v. Tarzia*, No. 24-cv-08471, 2025 WL 3073739, at *5 (E.D.N.Y. Nov. 4, 2025) (collecting cases). If a "court relies on pleadings and affidavits, rather than conducting a full-blown evidentiary hearing, the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendant." *DiStefano*, 286 F.3d at 84. That is, a plaintiff must allege "facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 342 (2d Cir. 2018). The court must "construe the pleadings and any supporting materials in the light most favorable to the plaintiff[]." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013). A court, however, "will not draw argumentative inferences in the plaintiff's favor" and need not "accept as true a legal conclusion couched as a factual allegation." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (first quoting *Robinson v. Overseas Mil. Sales Corp.*, 21

---

4 Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

F.3d 502, 507 (2d Cir. 1994); and then quoting *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998)).

Courts are required to give special consideration to litigants who represent themselves in court. A pro se litigant's pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Court "liberally construe[s] pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)).[5]

**DISCUSSION**

"Federal district courts sitting in New York must answer two questions when determining whether there is personal jurisdiction over a defendant: (1) whether there is jurisdiction under New York law; and (2) whether the exercise of jurisdiction would be consistent with federal due process requirements." *Thackurdeen v. Duke Univ.*, 660 F. App'x 43, 45 (2d Cir. 2016) (summary order).

Under New York law, "there are two ways in which a federal court sitting in diversity in New York may exercise personal jurisdiction over a non-resident defendant: general jurisdiction under [New York Civil Practice Law and Rules ("CPLR")] § 301, or

5 There are some indications in the record that Bright is an attorney. *See* Notice of Removal ¶ 13 ("Plaintiff has also alleged that these injuries rendered him unable to work in his occupation as an attorney."). Pro se attorneys are not entitled to the "special solicitude" usually afforded to pro se parties. *Parent v. New York*, 485 F. App'x 500, 503 (2d Cir. 2012). However, because Bright has not identified himself as a lawyer in his Complaint or briefing, and because even under the lenient pro se standard the Court finds it lacks personal jurisdiction, that usual standard is applied here.

specific jurisdiction under [CPLR] § 302." *Zoological Soc'y of Buffalo, Inc. v. CarvedRock, LLC*, No. 10-cv-00035, 2011 WL 6329929, at *4 (W.D.N.Y. Oct. 12, 2011), *report and recommendation adopted*, 2011 WL 6329872 (W.D.N.Y. Dec. 19, 2011).

**I. General Jurisdiction under CPLR § 301**

*A. Airbnb Defendants*

The Court lacks general jurisdiction over Airbnb and Airbnb Ireland under CPLR § 301 and the Fourteenth Amendment's Due Process Clause. "[A] state's exercise of general personal jurisdiction over a foreign corporation will not comport with the . . . Due Process Clause unless 'that corporation's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum.'" *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 498 (2d Cir. 2020) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). "[E]xcept in a truly exceptional case, a corporate defendant may be treated as essentially at home only where it is incorporated or maintains its principal place of business." *Id.* Absent those factors, "[a] corporation's 'continuous activity of some sorts within a state'" generally "'is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.'" *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927 (2011)). Only where "[a] corporation's affiliations with the State are *so* continuous and systematic *as to render it essentially at home* in the forum" can general jurisdiction based on those affiliations apply. *Id.*

Neither Airbnb nor Airbnb Ireland is headquartered or incorporated in New York. Airbnb is a Delaware company with its principal place of business in California. Chauvet Aff. ¶ 2. And Airbnb Ireland an Irish foreign corporation with its principal place of

business in Dubin, Ireland. *See* Gomez Decl. ¶ 2. Accordingly, the two paradigmatic elements for establishing general jurisdiction are absent here.

Plaintiff points to press releases touting Airbnb's economic, philanthropic, and lobbying activities in the New York market to argue that Airbnb has chosen to operate and do "substantial business" in New York. *See* Opp'n 8–9. However, he has not presented evidence that the companies' relationships with New York were "in any way significant or exceptional in relation to [their] nationwide"—or, in this case, international—"business activity." *Chufen Chen*, 954 F.3d at 500. Without that evidence, Bright has failed to demonstrate general jurisdiction, because he has not shown that the Airbnb entities' activities in New York are "*so* continuous and systematic" that they render the companies "essentially at home" in New York, even though they are headquartered and incorporated elsewhere. *Brown*, 814 F.3d at 627.

Accordingly, the Court does not have general jurisdiction over Airbnb or Airbnb Ireland.

*B. Veldhoen*

The Court also lacks general jurisdiction over Veldhoen. The Supreme Court has held that "[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear*, 564 U.S. at 924. Veldhoen's declaration states that he is a citizen of the Netherlands who resides in Ireland. Veldhoen Decl. ¶¶ 1-2. Additionally, the Notice of Removal identifies him as a domiciliary of Ireland. Notice of Removal ¶ 7. Plaintiff has made no argument and presented no contrary evidence suggesting that Veldhoen is actually domiciled in New York. *See generally* Opp'n. Thus, the Court lacks general jurisdiction over Veldhoen.

## II. Specific Jurisdiction under CPLR § 302

The Court also lacks specific jurisdiction over any of the three defendants under CPLR § 302(a).

*First*, neither the Complaint, Bright's declaration nor his briefing shows the required nexus between any transaction of business in New York and his claim. CLPR § 302(a)(1) permits the exercise of personal jurisdiction over a non-domiciliary if two conditions are met: (1) the nondomiciliary must "transact[ ] . . . business in New York" and (2) there must be "an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007). "A 'merely coincidental' connection is insufficient to support jurisdiction." *DeLorenzo v. Viceroy Hotel Grp., LLC*, 757 F. App'x 6, 9 (2d Cir. 2018) (quoting *Johnson v. Ward*, 4 N.Y.3d 516, 520 (2005)).

Under that standard, "courts have consistently held that the in-state activity of booking a hotel room is too remote from negligence alleged to have taken place at a foreign hotel to satisfy New York's long arm statute." *DeLorenzo*, 757 F. App'x at 10. *Christie v. Hyatt Corp.* is particularly instructive on this point. No. 22-cv-04839, 2024 WL 2387513, at *4 (E.D.N.Y. May 23, 2024). In that case, plaintiffs alleged that they had booked a stay at a Dominican resort from New York. *Id.* at *1, 4. During their stay, they were allegedly assaulted and battered—events they attributed to negligence by the resort and its operators. *Id.* at *1. Because they had booked the resort while in New York, they argued that personal jurisdiction existed over those defendants under CLPR § 302(a)(1). *Id.* at *4.

The court disagreed, holding that it lacked personal jurisdiction over the defendant where "the only alleged connection to New York is that Plaintiffs booked reservations

while they were physically in the state." *Id.* It reasoned that the personal injuries involved resulted not from the making of a hotel reservation in New York but instead from the allegedly negligent conduct of the defendants at the resort in the Dominican Republic. *Id.* Because the negligent actions giving rise to the claim were not connected to the defendant's actions in New York, the court held, it lacked personal jurisdiction over those defendants under CLPR § 302(a)(1). *Id.*

Numerous other courts in this Circuit have held similarly. *See, e.g.*, *Cummings v. Jai Ambe, Inc.*, No. 11-cv-08213, 2013 WL 620186, at *3 (S.D.N.Y. Feb. 13, 2013) ("Plaintiff's injuries arose, if at all, from the alleged negligent conduct of the Defendants in Missouri, and not from the booking of a hotel reservation over the internet."); *Herlihy v. Hyatt Corp.*, No. 159385-2020, 2022 WL 4119921, at *2 (N.Y. Sup. Ct. Sept. 6, 2022) (no jurisdiction under Section 302(a)(1) because "plaintiff has not proffered any evidence of activities by Hyatt in New York that resulted[ in] or was related to the Plaintiff's slip and fall accident that occurred in the Bahamas."); *Rodriguez v. Circus Circus Casinos, Inc.*, No. 00-cv-06559, 2001 WL 21244, at *3 (S.D.N.Y. Jan. 9, 2001) (booking of a hotel reservation through defendant's website from New York would not give rise to long-arm jurisdiction where the negligence alleged related to the defendant's conduct at the hotel in Nevada).

Under those cases, even if the Court assumes for the purposes of this motion that Airbnb, Airbnb Ireland, and Veldhoen were transacting business in New York by facilitating the booking of and booking Veldhoen's property, respectively, for Bright while he was in New York, his negligence claims are too tangential to that activity to generate personal jurisdiction under CLPR 302(a)(1). Though Veldhoen's property is not a traditional hotel or resort, the same reasoning applies in this case as in those hotel and

resort cases discussed above, because the fundamental action at issue is the same: booking accommodations abroad from New York. Like the plaintiffs in those cases, Bright's personal injuries resulted from allegedly negligent conduct at a property outside of New York, not from the making of an Airbnb reservation in New York.[6] *See* Compl. ¶¶ 11-14. Accordingly, his claims lack "an articulable nexus" to the actions that occurred in New York. *Best Van Lines, Inc.*, 490 F.3d at 246. Thus, the Court lacks personal jurisdiction over the defendants under CLPR § 302(a)(1).

*Second*, the other provisions of CLPR § 302(a) also do not provide specific personal jurisdiction over the defendants. Section 302(a)(2) does not provide specific jurisdiction because the defendants' tortious action must have occurred "within the state." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 790 (2d Cir. 1999). Here the alleged negligence at issue—the failure to properly install/maintain the stairs—took place in Ireland. *See* Compl. ¶¶ 11–14. Section 302(a)(3) is of no avail because New York was not the "situs of injury," *i.e.*, the "location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff." *Thackurdeen*, 660 F. App'x at 46–47. Here, the original event that caused the injury occurred in Ireland, not New York. *See* Compl. ¶¶ 11–14. And finally, CLPR § 302(a)(4) is

---

6 For that reason, Airbnb's activities in the New York market, discussed above in connection with general jurisdiction, also do not generate specific jurisdiction under CLPR § 302(a)(1). *See* Opp'n 8–9. Even if that activity demonstrates that Airbnb transacts business in New York (an issue which the Court need not assess at this time), it is not sufficiently tied to the allegations of negligence at the core of Bright's claim. *See Christie*, 2024 WL 2387513, at *4. Likewise, Bright's allegations about Veldhoen's knowledge about Bright's status as a New Yorker and Veldhoen's prior rentals to other New York residents does not move the needle. *See* Opp'n 4–5. Even if those allegations were sufficient to show Veldhoen transacted business in New York, they do not demonstrate that Veldhoen's alleged negligence had a sufficiently close relationship to actions that occurred in New York to generate specific jurisdiction under CLPR § 302(a)(1).

similarly unhelpful to Bright because it only applies to claims arising out of the own[ership], use[,] or possess[ion] [of] . . . real property situated within the state." CPLR § 302(a)(4); *see also Lancaster v. Colonial Motor Freight Line, Inc.*, 581 N.Y.S.2d 283, 288 (1st Dep't 1992) ("[CPLR § 302(a)(4)] requires a relationship between the property and the cause of action sued upon."). Here, Bright has not connected his injuries to any real property located in New York, making CLPR § 302(a)(4) inapplicable.

Thus, none of the provisions of CLPR § 302(a) support the Court's specific jurisdiction over the defendants in this case.

* * *

Because Bright has not demonstrated a *prima facie* case that this Court has general jurisdiction over the defendants under CPLR § 301 or specific jurisdiction over them under CPLR § 302, the Court concludes that it lacks personal jurisdiction over all three defendants here.[7]

[7] Because the analysis above requires dismissal, the Court does not reach the defendants' alternative arguments for dismissal or a stay pending arbitration. The Court also denies Bright's requests for jurisdictional discovery, leave to amend, or a stay pending arbitration, Opp'n 11, because the discovery, amendments, and stay he proposes would not address or correct the jurisdictional defects identified above.

## CONCLUSION

For the foregoing reasons, the defendants' motions to dismiss for lack of personal jurisdiction are GRANTED. The plaintiff's Complaint is DISMISSED without prejudice. The Clerk of Court is respectfully directed to issue judgment accordingly and close the case.

**SO ORDERED.**

*/s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated: August 21, 2026
Brooklyn, New York